UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAYVID JIMENEZ,

                                **Plaintiff,**

   vs.

                                                                                        1:23-cv-00368
                                                                                        (MAD/TWD)

**SHERIFF PATRICK A. RUSSO, et al.**

                               **Defendants.**
_____

**APPEARANCES:**

**DAYVID JIMENEZ**
**055-769-136**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On March 23, 2023, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff alleges that from May 3, 2022, through June 3, 2022, he "was held as a prisoner by [D]efendants in the Rensselaer County Correction Facility ('RCCF')" located in Troy, New York, "pursuant to a[] Department of Homeland Security ('DHS') Administrative Warrant." Dkt. No. 1 at 4; *see also* Dkt. No. 9 at 3–4. Plaintiff claims that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights through "false imprisonment," that Defendants deprived "[P]laintiff of his liberty without probable cause on a claimed [Immigration and Customs

1

Enforcement] [('ICE')] Administrative Warrant," and, further, "deprived [P]laintiff of liberty without [D]ue [P]rocess."  Dkt. No. 1 at 22–23; *see also* Dkt. No. 9 at 4.

In a Report-Recommendation and Order dated June 20, 2023, Magistrate Judge Therese Wiley Dancks granted Plaintiff's application to proceed in forma pauperis ("IFP") and reviewed the sufficiency of Plaintiff's complaint.  *See* Dkt. No. 9.  Magistrate Judge Dancks, in first analyzing Plaintiff's Fourth Amendment claim, found that such claim is "frivolous because a dispositive defense exi[sts] on the face of the complaint."  *Id.* at 7 (citing *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).  In discussing Plaintiff's Fifth Amendment claim, Magistrate Judge Dancks found that "Plaintiff has not alleged any federal official violated his Fifth Amendment due process rights."  Dkt. No. 9 at 8.  As Due Process under the Fifth Amendment only applies to the federal government, Magistrate Judge Dancks recommended "dismissing any Fifth Amendment claims asserted against Defendants for failure to state a claim upon which relief may be granted."  *Id.*  Continuing, Magistrate Judge Dancks found that Plaintiff's Eighth Amendment claim also fails to state a claim upon which relief may be granted as Plaintiff was a civil detainee and, therefore, the Eighth Amendment is inapplicable.  *See id.* at 8–9 (citing *Coronel v. Decker*, 449 F. Supp. 3d 274, 282 (S.D.N.Y. 2020); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).  In discussing Plaintiff's Fourteenth Amendment claims, Magistrate Judge Dancks found that Plaintiff, instead of raising issues dealing with his treatment while confined, instead challenges the fact that he was confined.  *See* Dkt. No. 9 at 9–10.  Such claims, without allegations of discrimination by Defendants against Plaintiff, do not rise to the requisite level of the Fourteenth Amendment, and therefore Magistrate Judge Dancks also recommended dismissing such claims.  *See* Dkt. No. 9 at 10.

Next, Magistrate Judge Dancks explained that, although Plaintiff sued Defendants in their official capacities, no cognizable constitutional violation has been alleged, therefore Plaintiff's claim in this regard also must be dismissed. *See* Dkt. No. 9 at 10–11 (citing *Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014)). Finally, although Plaintiff "makes passing reference to the violation of [his] 'Human Rights,' . . . Plaintiff does not state the legal basis for this claim and the Court has discerned none." Dkt. No. 9 at 11 (citing Dkt. No. 1 at 23). Magistrate Judge Dancks concluded by recommending that the Court should dismiss the complaint in its entirety, but, nevertheless, still grant Plaintiff leave to amend. *See* Dkt. No. 9 at 12–13.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 2d 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-332, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

3

2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in the magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Dancks' Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should dismiss Plaintiff's complaint.  Plaintiff's objections "are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, which] will not suffice to invoke *de novo* review."  *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, *1 (S.D.N.Y. Sept. 30, 2002).  Since Plaintiff's objections to Magistrate Judge Dancks' Report-Recommendation are neither specific nor clear in addressing particular findings, this Court reviewed the Report-

Recommendation strictly for clear error.  *See Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992); *Frankel v. City of New York*, No. 06 Civ. 5450, 2009 WL 465645, *2 (S.D.N.Y. Feb. 25, 2009).  Finding no clear error, and agreeing with the above-mentioned analysis, the Court hereby adopts Magistrate Judge Dancks' Report-Recommendation and Order, and for the foregoing reasons the Court hereby

**ORDERS** that Magistrate Judge Dancks Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** with leave to amend; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint with in thirty (30) days of the filing date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall terminate Plaintiff's letter motion (Dkt. No. 7); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 10, 2023
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge